OPINION
{¶ 1} Defendant-appellant and cross-appellee James Webb (hereinafter "James") appeals the judgments of the Marion County Court of Common Pleas finding his spousal support arrearage totaled $42, 301.11; finding him in contempt for failing to pay spousal support in accordance with the prior order of the court; and ordering him to pay plaintiffs attorney's fees. Plaintiff-appellee and cross-appellant Carolyn Webb (hereinafter "Carolyn") filed a cross-appeal arguing that the trial court erred in failing to *Page 3 
impose interest on the spousal support arrearage due to her on November 19, 1998. For reasons explained herein, we reverse, in part, and affirm, in part.
 {¶ 2} The factual background of this case was set forth in the parties' third appeal before this court in Webb v. Webb (Sept. 2, 1999), 3d Dist. No. 9-98-66, at *1 (hereinafter "Webb III"). We incorporate those facts into this opinion and restate them herein:
 {¶ 3} The parties were married in 1960 and four children, all of whom are now emancipated, were born as issue of the relationship. Throughout the marriage, James and Carolyn jointly owned various parcels of real estate, and, in 1986, the parties became co-owners of a small corporation referred to as Webb's Heating and Cooling, Inc. James was specially trained to repair and install various heating and air conditioning units while Carolyn managed all other business matters. The business was fairly successful, evidenced by the fact that in 1991 the parties earned approximately $74,000 from the business; in 1992, their earnings equaled $130,000; and in 1993, their earnings equaled $98,000.
 {¶ 4} In August 1993, James and Carolyn separated, and, on May 4, 1994, Carolyn filed a complaint for divorce. The referee instituted temporary orders on May 27, 1994 instructing James to pay monthly spousal support in the amount of $1,831. Thereafter, the referee conducted divorce hearings and issued a report and recommendation on April 12, 1995. The trial court adopted the referee's report and filed a judgment entry on April 18th granting the parties' divorce. Although the entry did not *Page 4 
award spousal support, the court ordered that Carolyn would receive the family business, which was valued at approximately $139,000; James received the marital residence and rental property.
 {¶ 5} Carolyn subsequently filed objections to the report and recommendations. On September 15, 1995, the trial court filed an interim order staying the April 18th judgment entry and reinstating the temporary orders. The court then issued a judgment entry on January 16, 1996 overruling Carolyn's objections and affirming the April 18, 1995 divorce decree.
 {¶ 6} Carolyn then filed a timely appeal to this court wherein she argued, inter alia, that the property distribution was erroneous and that the trial court erred in failing to award spousal support in the final decree. In Webb v. Webb (June 28, 1996), 3d Dist. No. 9-96-6 (hereinafter "Webb I"), we found merit to Carolyn's arguments. Particularly, this court held that the property distribution plan was inequitable, especially since it was apparent that Webb's Heating and Cooling, Inc. would be much less valuable to Carolyn without James. Although we stated that it was not impossible to award Carolyn the business, we remanded the matter with instructions to revise the property division and to consider the issue of spousal support in light of such a revision.
 {¶ 7} On September 5, 1996, while the case was on remand, Carolyn filed a motion asking the trial court to reinstate the May 27, 1994 temporary orders. On January 16, 1997, the trial court ruled that the temporary orders had remained in effect throughout *Page 5 
the action due to the procedural posture of the case; thus, the trial court stated that James was never relieved of his responsibility to pay spousal support. At that time, however, the court modified James' monthly support obligation to $1,592, effective January 15, 1997.
 {¶ 8} Thereafter, Carolyn filed a motion for contempt for James' failure to pay spousal support pursuant to the temporary orders. A hearing on the matter was conducted in June 1997. Approximately one year later, on June 11, 1998, the trial court found James in contempt for failing to pay spousal support and sentenced him to three days in jail. The court stated that James could purge the contempt by paying an extra $100 per week until the arrearage became liquidated.
 {¶ 9} As a result of this decision, James filed an appeal arguing that the finding of contempt was improper since the temporary orders should not have been reinstated and retroactively applied following the remand. In Webb v. Webb (Feb. 25, 1999), 3d Dist. No. 9-98-33, unreported (hereinafter "Webb II"), we reversed the judgment of the trial court because we found that the court erred in calculating James' arrearage. Although we further held that the temporary orders were properly reinstated pursuant to Carolyn's September 5, 1996 request, we concluded that the orders were not effective throughout the entire proceedings since there was a gap between the first remand and Carolyn's motion to reinstate. Thus, we again reversed the judgment and remanded the matter with instructions to the trial court to recalculate the arrearage in accordance with our opinion before making a determination on the contempt issue. *Page 6 
 {¶ 10} In the meantime, prior to the release of our opinion on the second appeal, Carolyn filed another motion for contempt for James' failure to pay spousal support from November 1997 to April 1998. The trial court held a hearing on the matter on May 27, 1998; however, this most recent contempt issue was not resolved until the trial court released its decision on the property and spousal support matters that were remanded from the first appeal.
 {¶ 11} On November 19, 1998, the trial court rendered a final divorce decree from the initial remand. This time, the court awarded Carolyn the marital residence and the rental property. James was awarded Webb's Heating and Cooling, Inc., which was revalued at $104,591. The court also ordered James to pay spousal support for a period of eleven years: $950 per month for the first three years; $850 per month for the next three years; and $500 per month for the final five years. In addition, the court concluded that James was in contempt for failure to pay spousal support from November 1997 in accordance with the temporary orders.
 {¶ 12} James then appealed the November 19, 1998 final decree of divorce to this court asserting eight assignments of error inWebb III. This court overruled James' assignments of error, and affirmed the trial court.
 {¶ 13} On November 22, 2005 Carolyn filed a motion for contempt against James to enforce the November 19, 1998 final decree of divorce and to determine if James had violated any other orders of the court with respect to spousal support. On September 28, *Page 7 
2006, the trial court held a contempt hearing. On November 28, 2006, the trial court issued its judgment: (1) calculating James' spousal support arrearages at $51, 480.23; (2) finding James in contempt for failing to pay his arrearages as ordered by the court and sentencing him to 60 days in jail with an opportunity to purge by paying his current spousal support and an additional $200 per month on the arrearage; and (3) ordering that James pay Carolyn's attorney's fees in the amount of $1,250.
 {¶ 14} On December 27, 2006, James, in case no. 9-06-70, appealed the trial court's November 28, 2006 judgment entry.
 {¶ 15} On January 3, 2007, a nunc pro tunc entry was filed correcting the November 28, 2006 journal entry and lowering the original determination of spousal support arrearages from $51, 480.23 to $42, 301.11, accounting for an equity adjustment in the final divorce decree. The remaining orders of the court remained the same.
 {¶ 16} On February 1, 2007 James, in case no. 9-07-04, appealed the trial court's January 3, 2007 nunc pro tunc entry. On February 1, 2007, James also filed a motion to consolidate case nos. 9-07-04 and 9-06-70; the motion was granted, and both cases are now before this court.
 {¶ 17} James appeals asserting two assignments of error. Carolyn filed a cross appeal asserting one cross-assignment of error for our review.
 APPELLANT'S ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY MISCALCULATING THE *Page 8 SPOUSAL SUPPORT ARREARAGE, INCLUDING BUT NOT LIMITED TO, BY NOT FOLLOWING THE LAW OF THE CASE OF [SIC] PRIOR APPELLATE RULING THAT NO SPOUSAL SUPPORT WAS TO BE ORDERED FROM JANUARY 16, 1996 TO JANUARY 15, 1997.
 {¶ 18} James argues that the trial court erred in failing to follow this court's ruling in Webb II, wherein the court sustained James' assignment of error regarding the trial court's incorrect spousal support arrearage calculation. Carolyn argues that our decision inWebb III was inconsistent with our decision in Webb II on this issue; and therefore, Webb III controls since it is the last adjudication. We disagree.
 {¶ 19} Although the outcome of Webb III affirming the November 19, 1998 divorce decree appears in conflict with our opinion inWebb II, the intent of the two opinions when read together was to affirm the divorce decree, except with regard to the spousal support arrearage calculation. In Webb II, James raised the following assignment of error:
 The trial court abused its discretion in finding the Defendant-Appellant in contempt of Court for failing to pay spousal support after the lower court reinstated its temporary orders, modified as to the monthly award of spousal support, retroactively without first considering the factors set out by Ohio Revised Code Section 3105.18.[sic].
3d Dist. No. 9-98-33, at *2. Although we found that the trial court did not abuse its discretion in ordering temporary spousal support following our remand of Webb I, we did find that the trial court erred in calculating the support arrearage owed: *Page 9 
 At the earliest, the trial court could have retroactively awarded spousal support to the date that Carolyn requested the spousal support. See LeBlanc v. LeBlanc (July 17, 1998), Greene App. No. 97 CA 85, unreported. Thus, the trial court could have properly found James liable for spousal support from September 5, 1996 at the earliest following our remand. * * * The trial court apparently calculated James's spousal support obligation continuously from May 27, 1994. We find that this was error. As an accurate arrearage is calculable and must be performed by the trial court, we find that the trial court abused its discretion by miscalculating the amount owed by James. As the order of contempt was based in part by the amount of arrearages owed by James, we must find that the trial court abused its discretion in finding James in contempt. Accordingly, we sustain James's first assignment of error. We remand this matter for the trial court to calculate the amount of arrearages owed by James and then to determine if he was in contempt of the trial court's orders to pay temporary spousal support.
3d Dist. No. 9-98-33, at *4 (emphasis added). Therefore, inWebb II we found that the calculation of spousal support arrearage was incorrect since the trial court apparently calculated the obligation from May 27, 1994. The earliest the support obligation could have begun, we said, was September 5, 1996 when Carolyn requested temporary spousal support following our remand of Webb I. We stated that the trial court's calculation was "error"; we "sustained" James' assignment of error; and we "remand[ed] th[e] matter for the trial court to calculate the amount of arrearages owed by James." Our opinion in Webb II clearly required a recalculation of James' spousal support obligations.
 {¶ 20} In Webb III, James raised essentially the same assignment of error for our review: "The trial court abused its discretion in reinstating its temporary orders, modified as to the monthly award of spousal support, retroactively on remand and setting an *Page 10 
arrearage amount with no evidence admitted to support the arrearage." 3d. Dist. No. 9-98-66, at *3.
In response, we stated:
 It is apparent that the opinion rendered in the second appeal specifically addressed the issue raised in James' second assignment of error. In Webb v. Webb (Feb. 25, 1999), Marion App. No. 9-98-33, unreported, this court held that even though the temporary orders did not remain in effect since their 1994 inception, the court properly reinstated such orders after the first remand upon Carolyn's September 5, 1996 motion to do so. In addition, we also concluded that the trial court could have appropriately ordered retroactive spousal support from the date that the motion was filed. As a result of this holding, the matter was remanded to the trial court with instructions to recalculate the support arrearage based upon the gap in the effective dates of the temporary orders.
 Although we acknowledge that the parties were unaware of this opinion prior to filing briefs for the instant appeal, we find that these particular legal issues have already been addressed. Thus, the doctrine of the law of the case, which establishes that the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case both at the trial and reviewing levels," precludes this court from revisiting the issue. Pipe Fitters Union v. Kokosing (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515, quoting Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.
 Appellant's second assignment of error is overruled.
3d Dist. No. 9-98-66, at *4 (emphasis added). First, we acknowledged that James' assignment of error in Webb III was essentially identical to his assignment of error in Webb II. Second, we indicated that we already ruled on this issue in Webb II, and "remanded to the trial court with instructions to recalculate the support arrearage based *Page 11 
upon the gap in the effective dates of the temporary orders." Third, we explained that James apparently filed another appeal asserting the same assignment of error, because the parties were unaware of our decision inWebb II at the time they filed their briefs for Webb III. Fourth, we explained that our decision in Webb II was controlling in subsequent appeals (e.g. Webb III) by the doctrine of the law of the case, citingNolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.
 {¶ 21} The trial court's problem interpreting Webb II in light ofWebb III occurred because we `affirmed' the November 19, 1998 divorce decree in the last paragraph of Webb III, even though the decree contained the erroneous spousal support arrearage calculation. 3d Dist. No. 9-98-66, at *10. In hindsight, we should have remanded, again, inWebb III to make clear that the spousal support arrearage calculations still needed to be adjusted as we held in Webb II. Clearly, it was not our intention in Webb III to overrule our decision in Webb II that the trial court erred in its spousal support arrearage calculation. A reading of both opinions in their entirety, as we set forth infra, demonstrates this conclusion. In any event, let us be clear here:
 {¶ 22} The trial court's judgment entry and nunc pro tunc judgment entry, which rely upon the spousal support arrearage finding of $43, 046.10 provided in the November 19, 1998 final decree of divorce is in error for the reasons we stated in Webb II. 3d Dist. No. 9-98-33, at *4; (Nov. 19, 1998 Divorce Decree at pgs. 6; 9, ¶ 12); (JE Nov. 28, 2007, at pg. 2); (Nunc Pro Tunc Entry Jan. 3, 2007, at pg. 2). We, therefore, remand this matter *Page 12 
to the trial court for a recalculation of spousal support arrearage owed consistent with our opinion in Webb II, 3d Dist. No. 9-98-33, at *4.
 {¶ 23} James' first assignment of error is, therefore, sustained.
 APPELLANT'S ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FINDING THE DEFENDANT-APPELLANT IN CONTEMPT OF COURT BY NOT FOLLOWING THE LAW OF THE CASE THAT DEFENDANT-APPELLANT WAS NOT TO BE DETERMINED TO BE IN CONTEMPT OF COURT UNTIL THE SPOUSAL SUPPORT ARREARAGE WAS CALCULATED.
 {¶ 24} In his second assignment of error, James argues that the trial court failed to follow Webb II by finding him in contempt without first recalculating the spousal support arrearage. Carolyn argues that the November 22, 2005 motion for contempt was not only for the amount of arrearage due and owing as of November 19, 1997, but also for additional amounts due and owing under the November 19, 1998 divorce decree. Carolyn further argues that bifurcation of the proceeding is not required. James' assignment of error lacks merit.
 {¶ 25} The trial court has inherent authority to enforce its prior orders through contempt. Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302,623 N.E.2d 1272. An appellate court reviews a civil contempt finding under an abuse of discretion standard. State v. Moody (1996),116 Ohio App.3d 176, 181, 687 N.E.2d 320. An abuse of discretion is more than a legal error; it implies the court's attitude was "unreasonable, *Page 13 
arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 26} The trial court's judgment states: "* * * Defendant has not paid support as and when required since [the prior finding of contempt] and has failed to pay the arrearage currently due." (Jan. 3, 2007 Nunc Pro Tunc Entry at pg.3). The judgment entry further provides: "[s] aid sentence is consistent with the necessity to punish Defendant for his failure and refusal to bring his support current and to pay in the manner required * * *." (Id.). Thus, it appears that the trial court's finding of contempt was not only for the arrearage that is disputed, but also for James' failure to keep up with his current spousal support obligations under the November 19, 1998 divorce decree as Carolyn argues.
 {¶ 27} Nevertheless, even though the amount of the spousal support arrearage was in dispute, the fact that an arrearage existed was not in dispute; and James failed to make any payments on the arrearage as ordered by the trial court. In fact, at oral argument, James' counsel admitted that the court order was not followed. James' failure to payanything toward the arrearage as ordered by the trial court was certainly not a good faith effort to purge his prior contempt. See e.g.Wibley v. Shaw (Apr. 5, 1988), 5th Dist. No. 87-CA-15, at *2. Therefore, the trial court did not abuse its discretion in finding James in contempt for failing to pay the court ordered support arrearage.
 {¶ 28} James' second assignment of error is, therefore, overruled. *Page 14 
 APPELLEE/ CROSS-APPELLANT'S ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED BY FAILING TO ORDER THE DEFENDANT TO PAY ANY INTEREST ON THE SPOUSAL SUPPORT ARREARAGE THAT WERE DUE TO PLAINTIFF AS OF NOVEMBER 19, 1998, AND FOR WHICH THE DEFENDANT HAS TWICE BEEN HELD IN CONTEMPT FOR FAILURE TO PAY.
 {¶ 29} Carolyn argues that the trial court erred as a matter of law in failing to order that James pay interest on the support arrearage pursuant to R.C. 1343.03. James argues that R.C. 1343.03 does not apply to spousal support; the amount of spousal support is not "due and payable"; and Carolyn has never raised the issue of interest in the trial court or in any of the prior appeals to this court. We find that Carolyn has waived this issue by not raising it in Webb III.
 {¶ 30} The November 19, 1998 divorce decree clearly provided: "[n] o interest will be payable on accrued support until reduced to lump sum judgment." (Nov. 19, 1998 Divorce Decree at pg. 6). The November 19, 1998 divorce decree was appealed to this court in Webb III; therefore, Carolyn should have raised the issue at that time. Since Carolyn did not, the issue is now waived. See e.g. U.S. v. LeLux (June 11, 1998), 10th Dist. No. 97APA10-1308, at *1, citing State v.Szefcyk (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233.
 {¶ 31} Plaintiff-appellee/Cross-appellant's first assignment of error one is, therefore, overruled. *Page 15 
 Conclusion {¶ 32} Having found error prejudicial to the defendant-appellant herein as to his assignment of error one, we reverse the judgment of the trial court and remand for a recalculation of spousal support arrearage owed consistent with our prior opinion in Webb II.
 {¶ 33} Having found no error prejudicial to the defendant-appellant herein as to his assignment of error two, we affirm the trial court's second finding of contempt against James.
 {¶ 34} Having found no error prejudicial to the plaintiff-appellee/cross-appellant herein as to her assignment of error one, we affirm the trial court's judgment entry, which provides for no interest on the spousal support arrearage.
Judgments affirmed in part, reversed in part and causes remanded.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1