[Cite as *McCombs v. Blackert*, 2011-Ohio-5079.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

SHELLEY A. MCCOMBS, ET AL.,

    PLAINTIFFS-APPELLEES,               CASE NO. 3-11-03

    v.

WILLIAM BLACKERT, JR.,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Juvenile Division
Trial Court No. I 223154

**Judgment Affirmed**

Date of Decision:   October 3, 2011

APPEARANCES:

    *Shane M. Leuthold* **for Appellant**

    *Stanley E. Flegm and Michael J. Wiener* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, William Blackert, Jr. ("Blackert"), appeals the Crawford County Court of Common Pleas' judgment entry denying his Civ.R. 60(B) motion and finding him in contempt for failing to pay child support as ordered. We affirm.

{¶2} In April 1999, plaintiff-appellee, Shelley A. McCombs ("McCombs"), gave birth to a baby girl, Harley M. Blackert ("Harley"). (Doc. No. 1). Blackert acknowledged that he was Harley's father. (Id.).

{¶3} On August 27, 2002, plaintiff-appellee, Crawford County Department of Job and Family Services ("CCDJFS"), administratively ordered Blackert to pay child support to McCombs. (Id.).

{¶4} On September 19, 2002, CCJDFS filed a registration of administrative order of child support with the trial court seeking ratification of the same by the trial court. (Id.). On September 20, 2002, the trial court ratified the administrative child support order, making the child support order an order of the court pursuant to R.C. 3111.84. (Doc. No. 2).

{¶5} On February 12, 2004, an agreed judgment entry was filed, which stated that the parties were reconciled, living together, and that McCombs no longer required child support from Blackert. (Doc. No. 9). The trial court ordered that McCombs be granted judgment against Blackert in the amount of $3,131.93

for the child support arrearage as of June 24, 2003, but the trial court suspended the collection and the accrual of interest on the arrearage. (Id.). The trial court further ordered that the abatement and suspension of Blackert's child support obligation should remain in effect until: (1) McCombs should ask for services from CCDJFS Child Support Enforcement Agency ("CSEA") as a result of Blackert no longer being in the home; or (2) McCombs should receive public assistance and Blackert is not reported to CCDJFS as being in the home. (Id.).

{¶6} On March 24, 2008, the trial court filed an entry reinstating Blackert's child support obligation, effective February 13, 2008, because CSEA informed the trial court that McCombs requested their services. (Doc. No. 10).

{¶7} On July 6, 2009, CSEA filed a motion for contempt citation with the trial court, alleging that Blackert had failed to pay child support and seek work as ordered by the trial court. (Doc. No. 11).

{¶8} On February 9, 2010, the matter came on for hearing. (Doc. No. 87). Blackert requested appointed counsel, but the magistrate denied the request. (Id.). The magistrate, however, granted Blackert a continuance to hire an attorney. (Id.). The magistrate scheduled a hearing for March 30, 2010. (Id.).

{¶9} On March 29, 2010, Blackert filed a motion to vacate the trial court's March 24, 2008 entry reinstating his child support obligation. (Doc. No. 26). The

magistrate, thereafter, ordered that the March 30th hearing would be a pre-trial hearing. (Doc. No. 27).

{¶10} On July 7, 2010, a hearing was held on Blackert's motion to vacate and CSEA's contempt motion. (Doc. No. 30). On September 2, 2010, the magistrate issued a decision denying the motion to vacate and granting the contempt motion. (Id.). The magistrate sentenced Blackert to serve thirty (30) days in jail but allowed Blackert the opportunity to purge the contempt finding and avoid jail if he paid his child support and sought out work as previously ordered. (Id.). The magistrate's decision was adopted and signed by the trial court judge. (Id.).

{¶11} On September 15, 2010, Blackert filed an objection to the magistrate's decision and request for additional time to submit supplemental objections. (Doc. No. 31). Blackert filed the supplemental objections on September 29, 2010 as permitted by the trial court. (Doc. Nos. 32-33).

{¶12} On January 6, 2011, the trial court overruled Blackert's objections and adopted and approved the magistrate's decision unmodified. (Doc. No. 34).

{¶13} On January 31, 2011, Blackert filed a notice of appeal. (Doc. No. 35). Blackert now appeals raising four assignments of error for our review. We elect to address Blackert's assignments of error out of the order presented in his brief and to combine several assignments of error together for analysis.

**ASSIGNMENT OF ERROR NO. IV**

**THE COURT ERRED BY REACTIVATING THE SUPPORT ORDER WITHOUT A PROPERLY FILED MOTION.**

{¶14} In his fourth assignment of error, Blackert argues that the trial court erred by reactivating his child support obligation, because CSEA never filed a motion with the trial court. This argument, however, was not presented as an objection to the magistrate's decision for the trial court to rule upon. Therefore, Blackert has waived all but plain error for appeal purposes. Juv.R. 40(D)(3)(b)(iv). Blackert fails to argue plain error on appeal, and as such, we decline to address this assignment of error further. App.R. 12(A)(2); App.R. 16(A).

{¶15} Blackert's fourth assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT ERRED BY FINDING THAT GOOD SERVICE HAD BEEN PERFECTED ON THE APPELLANT TO REACTIVATE HIS CHILD SUPPORT ORDER.**

{¶16} In his third assignment of error, Blackert argues that the trial court erred by finding that he had service of the entry reactivating his child support obligation. Specifically, Blackert contends that he was never served in accordance with Civ.R. 4.1. This argument lacks merit, however. Civ.R. 4.1 only governs the service of the original complaint in an action. *Nalbach v. Cacioppo*, 11th Dist. No. 2001-T-0062, 2002-Ohio-53, at *5. A trial court's judgment entries

can be served upon the parties through the regular mail to the party's last known address pursuant to Civ.R. 5(B). Id. Civ.R. 5(B) expressly provides that service by mail is deemed completed once the clerk has mailed the document. Id., citing *Warren-Niles Republic Credit Union v. Semer* (Dec. 4, 1987), 11th Dist. No. 3782. The clerk sub judice certified that the March 24, 2008 judgment entry reactivating the child support obligation was sent to 475 Portland Way N., Galion, OH 44833—Blackert's last known address—the same day as the judgment entry was issued. (Doc. No. 10); (July 20, 2010 Tr. at 18). Therefore, pursuant to Civ.R. 5(B), service of the judgment entry reactivating the child support order was complete as of March 24, 2008.

{¶17} Blackert's third assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE THE ENTRY REACTIVATING APPELLANT'S CHILD SUPPORT ORDER.**

{¶18} In his first assignment of error, Blackert argues that the trial court erred by denying his motion to vacate the entry reactivating his child support order because: (1) CSEA never filed a motion to reactivate the child support order; (2) he never received service of the reactivated support order in accord with Civ.R. 4.1; and (3) McCombs intentionally misrepresented to him that she would not pursue government assistance if he continued to give her money.

**{¶19}** In order to prevail on a motion brought pursuant to Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, at paragraph two of the syllabus. All three elements must be established, and the test is not met if any one of these requirements is missing. *ABN AMRO Mtge. Group, Inc. v. Jackson*, 159 Ohio App.3d 551, 2005-Ohio-297, 824 N.E.2d 600, ¶11.

**{¶20}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion constitutes more than an error of judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶21}** Upon review of the record, we cannot find that the trial court abused its discretion by denying Blackert's Civ.R. 60(B) motion. To begin with, Blackert

-7-

never identified which Civ.R. 60(B) ground(s) he sought relief under in his motion or at the hearing. (Doc. No. 26); (July 20, 2010 Tr. at passim). Additionally, Blackert's motion was untimely with respect to Civ.R. 60(B)(1), (2), and (3) since the judgment entry from which Blackert sought relief was filed more than one year prior to his motion. (Doc. Nos. 10, 26). Civ.R. 60(B)(4) is inapplicable. Therefore, Blackert's motion to vacate could only be predicated upon Civ.R. (B)(5)'s provision allowing "any other reason justifying relief from the judgment."

**{¶22}** The reasons offered by Blackert, however, fail to justify relief from the trial court's judgment. As we already mentioned, Blackert never argued the fact that CSEA failed to file a motion with the trial court to reinstate his child support obligation, so this reason need not be considered on appeal. As we also stated above, Civ.R. 4.1 was not applicable for service of the trial court's judgment entry. Blackert was properly served under Civ.R. 5(B) by ordinary mail to his last known, recorded address on the date of the judgment entry, March 24, 2008. (Doc. No. 10); (July 20, 2010 Tr. at 18). Furthermore, "[a] party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed." *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, ¶11, citing *Bartholomew Builders, Inc. v. Spiritos*, 11th Dist. No. 2003-T-0027, 2005-Ohio-1900, ¶24, citing *Nalbach*, 2002-Ohio-53, at

*6. R.C. 3121.29 also served as notice to Blackert of his statutory duty to report any change of addresses to CSEA. Blackert admitted that he failed to provide his updated address to CSEA or the court. (July 20, 2010 Tr. at 14).

{¶23} McCombs and Blackert had an on-again-off-again relationship. The parties stipulated at the hearing that Blackert: left the residence on February 29, 2008 and returned on June 13, 2008; left the residence on August 29, 2008 and returned on November 26, 2008; left in March 2009 and returned in May 2009; left on September 28, 2009 and returned on November 24, 2009; and left the residence permanently on June 1, 2010. (July 20, 2010 Tr. at 3-4, 17). McCombs applied for public assistance on February 13, 2008, which was right around the time Blackert left the residence for the first recorded time since the agreed upon judgment entry. (July 20, 2010 Tr. at 3, 16-17). Despite the parties' on-again-off-again relationship, Blackert had notice from the February 12, 2004 agreed judgment entry that his child support obligation could be reinstated if McCombs sought public assistance. (Doc. No. 9). Blackert's child support obligation was not contingent upon any side agreement he may or may not have had with McCombs. Furthermore, Civ.R. 60(B) relief is equitable in nature. *Starr v. Starr* (Feb. 26, 1999), 2nd Dist. No. 17341, at *1. Equity regards the best interest of the parties' child as paramount and having a child support order in place is in the best interest of the child, especially given the on-again-off-again status of the parties'

relationship. Blackert, not the public generally, has a legal and moral obligation to support his child financially. Considering all the foregoing, we cannot conclude that the trial court abused its discretion by denying Blackert's motion to vacate.

{¶24} Blackert's first assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED BY FINDING THE APPELLANT IN CONTEMPT FOR FAILURE TO PAY SUPPORT WHEN THE APPELLANT DID NOT KNOW THAT HIS SUPPORT ORDER HAD BEEN REACTIVATED.**

{¶25} In his second assignment of error, Blackert argues that he could not be found in contempt for failure to pay child support, because he was not served with the judgment entry reactivating his child support obligation in conformity with Civ.R. 4.1. We disagree.

{¶26} A trial court has inherent authority to enforce its prior orders through contempt. *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 302, 623 N.E.2d 1272. See, also, R.C. 2705.02(A). "It is essential to the punishment of a person for contempt for violation of a court's order, that he have notice of the order, either actual *or by service of the same upon him.*" *Beach v. Beach* (1946), 79 Ohio App. 397, 405, 74 N.E.2d 130 (emphasis added). An appellate court reviews a civil contempt finding under an abuse of discretion standard. *State v. Moody* (1996), 116 Ohio App.3d 176, 181, 687 N.E.2d 320. See, also, *Webb v. Webb*, 3d Dist.

Nos. 9-06-70, 9-07-04, 2007-Ohio-5625, ¶25; *Stuber v. Stuber*, 3d Dist. No. 1-02-65, 2003-Ohio-1795, ¶19.

{¶27} Blackert stipulated at the hearing that, since March 24, 2008, he had failed to pay child support and seek work as ordered. (July 20, 2010 Tr. at 4). Blackert, however, alleged that he did not have knowledge of the trial court's reinstated orders since he was not served with the same in accordance with Civ.R. 4.1. That argument is meritless since service of the trial court's judgment entry (containing the reinstated orders) may be made by regular mail as prescribed in Civ.R. 5(B). The judgment entry was never returned to the trial court as undeliverable. (Sept. 2, 2010 Magistrate Decision, Doc. No. 30); (Jan. 6, 2011 JE, Doc. No. 34). Since the judgment entry reactivating the child support obligation was served upon Blackert in accordance with Civ.R. 5(B), Blackert had knowledge of the trial court's order. Since Blackert had knowledge of the trial court's orders, via service of the same, and stipulated to the violation of those orders, the trial court did not abuse its discretion by finding Blackert in contempt.

{¶28} Blackert's second assignment of error is, therefore, overruled.

{¶29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, J., concurs.**
**WILLAMOWSKI, J., concurs in judgment only.**