[Cite as *Citizens Bank Co. v. Keffer*, 2013-Ohio-245.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| CITIZENS BANK COMPANY, | : | Case No. 12CA17 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ERIC O. KEFFER, ET AL., | : | |
| | : | **RELEASED 01/28/13** |
| | : | |
| Defendants-Appellants. | : | |

_____
APPEARANCES:

Brian K. Duncan and Bryan D. Thomas, Duncan Simonette, Inc., Columbus, Ohio, for appellants.

Daniel A. Fouss, Marietta, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Eric O. Keffer, Tiffany Keffer, Carolyn Kay Schaad and the Estate of Kenneth Schaad appeal the trial court's decision denying their motion to vacate judgments against them.  They argue that their failure to respond to Citizens' motion for summary judgment against Eric Keffer and motion for default judgment against the remaining parties was the result of excusable neglect.  However to prevail under Civ.R. 60(B), the movants must establish that in addition to excusable neglect, they also have meritorious defenses to the allegations in the complaint.  And because the defendants did not allege any operative facts that if true would establish a meritorious defense to Citizens' allegation that they defaulted on the mortgage, the trial court did not abuse its discretion in denying their motion to vacate judgment.

I. FACTS

**{¶2}** This appeal arises from an action filed by Citizens Bank Company (Citizens) to foreclose real property jointly owned by Eric O. Keffer, Tiffany Keffer, Carolyn Kay Schaad and the Estate of Kenneth Schaad (defendants).  Mr. Keffer was the only party to file an answer.  As a result, Citizens filed a motion for summary judgment against him and a motion for default judgment against the remaining parties. The trial court granted both motions and entered judgment in favor of Citizens.

**{¶3}** All four defendants then filed a combined motion to vacate, motion for leave to file answer and/or amended answer, and motion for stay of any and all post judgment proceedings.  In their motions the defendants asserted that the judgments entered in favor of Citizens were the result of excusable neglect and if the judgments were vacated, they have meritorious defenses to assert.  The trial court however, denied the defendants' motions finding that they were given adequate notice of the proceedings and they had not established that they failed to respond due to excusable neglect.  The defendants now appeal the trial court's decision.

## II. ASSIGNMENTS OF ERROR

**{¶4}** The defendants present four assignments of error for our review:

**{¶5}** 1. "THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS NOVEMBER 18, 2011 JUDGMENT ENTRY OR ANY SUBSEQUENT ENTRY GRANTING SUMMARY OR DEFAULT JUDGMENT TO PLAINTIFF AGAINST DEFENDANTS BASED ON CIV.R. 60(B)(1) AND/OR (5)."

**{¶6}** 2. "THE TRIAL COURT ERRED WHEN IT FAILED TO VACATE ITS NOVEMBER 18, 2011 JUDGMENT ENTRY OR ANY SUBSEQUENT ENTRY GRANTING SUMMARY OR DEFAULT JUDGMENT TO PLAINTIFF AGAINST DEFENDANTS PURSUANT TO THE TRIAL COURT'S POLICY AND 'LONGSTANDING PRACTICE' WITH RESPECT TO ADJUDICATING MATTERS ON THEIR MERITS AS OPPOSED TO PROCEDURAL DEFECTS."

**{¶7}** 3. "THE TRIAL COURT ERRED WHEN IT FAILED TO SET FORTH A FINDING OF EXCUSABLE NEGLECT."

**{¶8}**    4. "THE TRIAL COURT ERRED WHEN IT FOUND APPELLANT'S [SIC] FAILED TO DEMONSTRATE MERITORIOUS DEFENSES."

### III. MOTION TO VACATE JUDGMENT

**{¶9}**    The defendants claim that the trial court erred by denying their motion to vacate judgment.  They argue that their failure to respond to Citizens' motion for summary judgment and default judgment was the result of excusable neglect and that they have meritorious defenses to assert if judgment is set aside.

### A. Standard of Review

**{¶10}**    "'In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.'" *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 7, quoting *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997).  An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Tindira v. Ohio Police & Fire Pension*, 130 Ohio St.3d 62, 2011-Ohio-4677, 955 N.E.2d 963, ¶ 28.

**{¶11}**    "In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" *Deters* at 153-154, quoting *GTE Automatic Elec., Inc., v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  "[R]elief is inappropriate if any one of the three

requirements is not satisfied." *Deters* at 154, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

B. Meritorious Defense

**{¶12}** The defendants argue that they have meritorious defenses concerning Citizens' actions in this case. They argue that after Citizens filed this action, it misled Eric Keffer about what was needed to investigate his default of the underlying mortgage, and as a result he accepted an additional parcel of land by quit claim deed. The defendants also assert that they believed they had resolved this matter through an agreement to modify the loan and did not participate in the court proceedings because Citizens informed them it was unnecessary. And they claim that they did not receive or understand the summons, complaint or motion for default judgment. However, these assertions, even if true, are not defenses to foreclosure. Rather, these issues are an attempt to explain why they failed to respond to Citizens' motions and establish excusable neglect.

**{¶13}** "[T]o prevail on a motion for relief from judgment, the moving party must establish that it has a meritorious defense or claim to present if relief is granted. This requires the moving party to allege operative facts 'with enough specificity to allow the trial court to decide whether he or she has met that test.'" *Byers v. Dearth*, 4th Dist. No. 09CA3117, 2010-Ohio-1988, ¶ 12, quoting *Syphard v. Vrable*, 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (2001). "Ultimately, 'a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.'" *Spaulding-Buescher v. Skaggs Masonry, Inc.*, 4th Dist. No.

08CA1, 2008-Ohio-6272, ¶ 10, quoting *Amzee Corp. v. Comerica Bank-Midwest*, 10th

Dist. No. 01AP-465, 2002-Ohio-3084, ¶ 20.

{¶14}  In its complaint, Citizens alleged that Eric and Tiffany Keffer defaulted on

their mortgage by failing to pay the monthly installments.  Citizens also alleged that it is

the holder in due course and is in possession of the promissory note executed by the

Keffers.  Therefore, the defendants would have to present operative facts that, if true,

establish the existence of a meritorious defense to Citizens' claim that they were in

default.

{¶15}  Here, the defendants do not set forth any operative facts that would

establish a meritorious defense to Citizens' claims in the complaint.  Although they

allege that they have meritorious defenses concerning Citizens' actions during the case

and argue that Eric Keffer accepted an additional parcel of land as a result of Citizens

misrepresentations, this occurred after the alleged default and is not a defense to

Citizens' claims in the complaint.  The defendants also assert that they believed they

had resolved this matter through an agreement to modify the loan and Citizens informed

them it was unnecessary to participate in the court proceedings.  However, again this is

not a defense to foreclosure, but rather an effort to explain their failure to respond to the

complaint and motion for default judgment.

{¶16}  In their brief the defendants claim that they have "both meritorious claims

and defenses that will set out more thoroughly in their Answer and/or Amended Answer,

which will be filed accordingly should this Court reverse the Order of the trial court."

However, as we have stated the defendants must allege operative facts in their Civ.R.

60(B) motion that if proven would establish a meritorious defense.  The defendants only

attempt to establish such a defense was their statement that due to their excusable

neglect they were:

> not afforded an opportunity to raise their valid claims and defenses, including, but not limited to, disputes regarding, among other things, the validity of the notes and mortgages as it may not have been properly executed, whether all parties of interest were properly on the notes, the appraised value of the property, the amount allegedly due and owing under mortgages, whether [Citizens] is in fact a holder in due course, pursuant to Ohio law, and whether the actions with respect to the negotiating tactics of [Citizens] representatives rise to the level of fraud and/or fraud in the inducement * * *.

**{¶17}** These assertions are not supported by any operative facts. Therefore, the

defendants have not satisfied the meritorious defense component of Civ.R. 60(B).

Accordingly, the trial court did not abuse its discretion by denying their motion to vacate

judgment.

C. The Defendants' Remaining Claims

**{¶18}** In their second assignment of error, the defendants argue that the trial

court erred by overruling their motion and not deciding the case on its merits. They cite

*Moore v. Emmanuel Family Training Center, Inc.*, 18 Ohio St.3d 64, 479 N.E.2d 879

(1985), and claim that Civ.R. 60(B) must be construed liberally and appellate courts

have indicated "a strong preference" for resolving cases on their merits.

**{¶19}** Although in *Moore*, the Supreme Court of Ohio stated that Civ.R. 60(B)(1)

is a "remedial rule" and should be "liberally construed," it also stated that Civ.R.

60(B) attempts to strike a proper balance between the conflicting principles that litigation

must be brought to an end and justice, *Id.* at 68. The Court also explained that to

properly grant a Civ.R. 60(B) motion the litigant must allege a meritorious defense. And

because we have already found that that the defendants in this case have not asserted

any operative facts to support a meritorious defense, the trial court did not err by overruling their Civ.R. 60(B) motion to vacate its judgment.

**{¶20}** In their third assignment of error, the defendants again argue that the trial court erred by finding that their failure to respond to Citizens' motion for summary judgment was the result of excusable neglect. However as we discussed above, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that he or she (1) has a meritorious defense or claim to present if relief is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) made the motion within a reasonable time. *Deters*, 80 Ohio St.3d at 153, 684 N.E.2d 1237 (1997). The movant must establish all three requirements before a court can grant relief. *Id.* at 154.

**{¶21}** We have already determined that the defendants in this case did not establish a meritorious defense, and therefore they failed to satisfy the first requirement necessary for relief under Civ.R. 60(B). And because all three requirements must be met for relief, there is no need to determine whether they have established excusable neglect. Thus, we overrule their third assignment of error.

**{¶22}** Finally, in their fourth assignment of error the defendants assert that the trial court erred by finding that they did not raise meritorious defenses. However, we have already considered this issue in the first assignment of error and because they do not raise any new arguments here, we also overrule their fourth assignment of error.

## V. CONCLUSION

**{¶23}** In summary, the defendants failed to allege operative facts that if proven would establish a meritorious defense to Citizens' allegations in the complaint.

Accordingly, the trial court did not abuse its discretion by denying the defendants'

motion to vacate judgment.  We overrule the defendants' four assignments of error and

affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
       William H. Harsha, Judge




**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**