[Cite as *Community Natl. Bank v. Parsons*, 2013-Ohio-2383.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

COMMUNITY NATIONAL BANK,

    PLAINTIFF-APPELLEE,

                                  CASE NO. 8-11-15

    v.

GRANT R. PARSONS,

    DEFENDANT-APPELLANT,

    -and-                                O P I N I O N

DENISE PARSONS, ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Logan County Common Pleas Court
Trial Court No. CV 09 07 0380

**Judgment Affirmed**

Date of Decision: June 10, 2013

APPEARANCES:

    *D. Jeffrey Ireland and Andrew J. Reitz* for Appellant

    *John D. Smith and Andrew P. Meier* for Appellee Community
National Bank

**PRESTON, P.J.**

{¶1} Defendant-appellant, Grant R. Parsons,[1] appeals the Logan County Court of Common Pleas' judgment denying his motion for relief from the trial court's judgment entry and decree of foreclosure. For the reasons that follow, we affirm.

{¶2} On July 17, 2006, Mr. Parsons and his wife, Denise Parsons, executed an adjustable rate note with plaintiff-appellee, Community National Bank[2] ("the Bank"), for a loan in the amount of $126,000.00 plus interest at a yearly rate of 7.00%. (Complaint, Doc. No. 1, Ex. A); (JE, Doc. No. 52). To secure payment of the adjustable rate note, the Parsons executed an open-end mortgage, dated July 17, 2006, against the real property at 7498 Dunns Pond Circle, Russells Point, Ohio. (*Id.*, Ex. B); (*Id.*). On August 23, 2006, the open-end mortgage was recorded with the Logan County Recorder at Book 840, Page 127. (Doc. No. 1, Ex. B).

{¶3} The Parsons defaulted on the adjustable rate note and open-end mortgage by failing to make payments. (Chartrand Aff. at ¶ 2-4, Doc. No. 66,

---

[1] The parties' briefs refer to Mr. Parsons and his wife, Denise Parsons, as appellants; however, the notice of appeal in this case states, "Notice is hereby given that Grant R. Parsons appeals to the Court of Appeals * * *." (Doc. No. 76). App.R. 3(D) states that the "notice of appeal shall specify the party or parties taking the appeal * * *." Here, the notice of appeal does not specify Mrs. Parsons as a party taking the appeal. Therefore, Mr. Parsons is the sole appellant. *Green v. Helms*, 9th Dist. No. 26371, 2013-Ohio-2075, ¶ 5 (holding that husband was the sole appellant where only he signed and submitted the notice of appeal, which stated, "Now comes Joel Helms giving notice of appeal * * *.").

[2] The record reflects that at some point after Community National Bank filed the underlying lawsuit, National Bank and Trust Company became the successor in interest to Community National Bank. (Hoffman Aff. at ¶ 2, Doc. No. 66, attached).

attached); (Doc. No. 52). On July 14, 2009, the Bank filed a complaint in foreclosure against the Parsons, Champaign National Bank, and the Logan County Treasurer relative to the property at 7498 Dunns Pond Circle. (Doc. No. 1). On August 7, 2009, the Parsons filed their answer. (Doc. No. 19). The Bank filed a motion for summary judgment on August 21, 2009, arguing it was entitled to foreclose as a matter of law against the Parsons. (Doc. No. 20).

{¶4} After the trial court scheduled and, at the request of the parties, continued a hearing on the Bank's motion for summary judgment, the trial court stayed the case on February 4, 2010 because Mr. Parsons filed Chapter 13 bankruptcy. (JE, Doc. No. 29); (JE, Doc. No. 32). The trial court reactivated the case on December 10, 2010, following the dismissal of Mr. Parsons' bankruptcy proceeding. (JE, Doc. No. 36).

{¶5} On March 14, 2011, the trial court held a hearing on the Bank's previously filed motion for summary judgment. (JE, Doc. No. 45). The Parsons were represented by counsel at the hearing, but they failed to respond to or to request leave to respond to the Bank's motion for summary judgment. (*Id.*); (JE, Doc. No. 72). The trial court granted the Bank's motion for summary judgment on March 15, 2011. (Doc. No. 45). After the Bank filed the final judicial report and affidavit confirming the Parsons were not on active military duty, the trial

court filed a judgment entry and decree of foreclosure on May 27, 2011. (Doc. No. 52).

**{¶6}** On May 31, 2011, Mr. Parsons, acting pro se, filed a Civ.R. 60(B) motion for relief from the judgment entry and decree of foreclosure and a motion to stay. (Doc. Nos. 57, 61); (Doc. No. 56). Also on May 31, 2011, the Parsons, acting pro se, filed a notice of appeal of the judgment entry and decree of foreclosure. (Doc. No. 62). On July 7, 2011, the Bank filed a response to Mr. Parsons' motion for relief from judgment. (Doc. No. 66). The trial court held a hearing the next day on Mr. Parsons' motion for relief from judgment. (Tr. at 2-4). At the hearing, the Bank and Mr. Parsons were represented by counsel. (*Id.* at 3).

**{¶7}** In a judgment entry dated July 12, 2011, the trial court concluded that it did not have jurisdiction to entertain Mr. Parsons' motion for relief from judgment while the case was on appeal to this Court. (Doc. No. 68). On July 22, 2011, upon motion of Mr. Parsons, we dismissed that appeal and remanded to the trial court. (Doc. No. 71).

**{¶8}** On July 28, 2011, the trial court issued the judgment entry denying Mr. Parsons' motion for relief from judgment, concluding "there is no meritorious

defense." (Doc. No. 72). Mr. Parsons filed his notice of appeal on August 23, 2011.[3] (Doc. No. 76). He raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court erred by denying the Rule 60(B) Motion for Relief from Judgment filed by the Defendants-Appellants Grant and Denise Parsons [sic]. (Judgment Entry, Filed July 28, 2011).**

{¶9} In his first assignment of error, Mr. Parsons argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because, according to Mr. Parsons, his motion established a meritorious defense. Specifically, he argues that he was required only to allege, not prove, a meritorious defense, and that he presented facts supporting meritorious defenses—that the Bank released the mortgage and incorrectly applied the Parsons' payments.

{¶10} Civ.R. 60(B) sets forth the bases upon which a court may relieve a party from judgment and provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for

---

[3] On October 26, 2011, we stayed this appeal following the Parsons filing a petition in the United States Bankruptcy Court, Southern District of Ohio, bearing Case No. 3:11-bk35582. On August 20, 2012, following the dismissal of the Parsons' bankruptcy proceeding, we vacated the stay and issued a scheduling order setting forth the time in which to file the merit briefs.

a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

In order to prevail on a motion brought pursuant to Civ.R. 60(B),

the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Bish Constr., Inc. v. Wickham*, 3d Dist. No. 13-12-16, 2013-Ohio-421, ¶ 15.

**{¶11}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶12}** Here, the Bank concedes that Mr. Parsons timely filed his Civ.R. 60(B) motion. (Appellee's Brief at 5-6). The Bank is silent as to whether it believes Mr. Parsons demonstrated that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The Bank does, however, dispute Mr. Parsons' argument that he alleged meritorious defenses.

**{¶13}** To demonstrate a meritorious defense under Civ.R. 60(B), the moving party "must allege supporting operative facts with enough specificity to allow the trial court to decide that the movant has a defense he could have successfully argued at trial." *Wells Fargo Bank, N.A. v. Dombroski*, 10th Dist. No. 12AP-331, 2012-Ohio-5858, ¶ 7 (citations and internal quotation marks omitted). "Ultimately, a proffered defense is meritorious if it is not a sham and

-7-

when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." *Citizens Bank Co. v. Keffer*, 4th Dist. No. 12CA17, 2013-Ohio-245, ¶ 13 (citations and internal quotation marks omitted).

{¶14} Mr. Parsons argues that his Civ.R. 60(B) motion presented two meritorious defenses—namely, that the Bank released the mortgage upon which the Bank foreclosed, and that the Bank misapplied payments in the form of checks written by Mr. Parsons and a federal bankruptcy trustee as part of Mr. Parsons' Chapter 13 Bankruptcy Plan. The trial court did not abuse its discretion in finding neither defense meritorious.

{¶15} The existence of a valid mortgage is a prerequisite to foreclosure. *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Nos. 8-10-14 and 8-11-16, 2012-Ohio-876, ¶ 25. Thus, the lack of a valid mortgage—whether by satisfaction, release, or otherwise—serves as a meritorious defense in a foreclosure action. *See Bank of Am. v. Kuchta*, 9 Dist. No. 12CA0025-M, 2012-Ohio-5562, ¶ 12, 15, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017.

{¶16} Our review of the record shows that Mr. Parsons presented nothing to the trial court suggesting that the Bank released the foreclosed-upon mortgage. Attached to Mr. Parsons' affidavit supporting his Civ.R. 60(B) motion was a copy of a cancelled and released mortgage. (G. Parsons Aff., Doc. No. 61, attached). That mortgage was originally recorded on August 23, 2006 with the Logan County

Recorder at Book 840, Page 116. (*Id.*). The Bank cancelled and released that mortgage on November 24, 2007 and recorded the cancellation on November 30, 2007 with the Logan County Recorder. (*Id.*)

{¶17} The mortgage serving as the basis for the underlying foreclosure, however, was recorded on August 23, 2006 with the Logan County Recorder at Book 840, Page 127. (Doc. No. 1, Ex. B). Simply by comparing the copy of the released mortgage attached to Mr. Parsons' affidavit with the copy of the mortgage attached to the Bank's complaint, the trial court could easily and properly conclude that the mortgage that was released was not the one upon which the Bank filed the underlying foreclosure action. Additionally, counsel for the Bank explained at the July 8, 2011 hearing that the Parsons executed and the Bank held two separate mortgages for two separate loans. (Tr. at 14). The Bank released one mortgage because the Parsons satisfied the underlying loan; the Bank did not release the other mortgage, which served as the basis for its foreclosure action, because the Parsons did not satisfy that obligation. (*Id.*). Notably, Mr. Parsons did not dispute that he and his wife executed two mortgages dated July 17, 2006. The trial court, therefore, did not abuse its discretion in concluding that this defense was not meritorious. *Natl. City Bank v. Abundant Life Apostolic*, 9th Dist. No. 04CA008447, 2004-Ohio-5372, ¶ 18 (trial court did not abuse its discretion in denying appellant-mortgagor's motion for relief from judgment because

"satisfaction of mortgage" document relied upon by appellant related to a mortgage other than the one on which the appellee-bank foreclosed, and, therefore, appellant "failed to show that Appellant had a meritorious defense if relief were granted pursuant to Civ.R. 60(B)").

{¶18} Mr. Parsons also argues that the Bank misapplied payments to his and his wife's accounts and that this amounts to a meritorious defense. Even assuming misapplication of partial payments on an outstanding balance due on an adjustable rate note secured by a mortgage could constitute a meritorious partial defense under Civ.R. 60(B), after reviewing the record, we do not believe the trial court abused its discretion in concluding that the misapplication of payments, as alleged by Mr. Parsons, was not a meritorious defense. Mr. Parsons failed to allege supporting operative facts with enough specificity to allow the trial court to conclude that he had a defense he could have successfully argued at trial. *Dombroski*, 2012-Ohio-5858, at ¶ 7.

{¶19} Mr. Parsons alleged in his Civ.R. 60(B) motion that the Bank "collected over $9,500.00 in additional funds that [the Bank] as [sic] not entitled to collect." (Doc. No. 61). In support of this assertion, Mr. Parsons said that "[t]he copy of the released mortgage prove [sic] the [Bank's] charges are wrong." (*Id.*). In Mr. Parsons' affidavit attached to his Civ.R. 60(B) motion, he averred that the Bank's counsel "failed to provide an accurate accounting of my alleged

mortgage owed the Plaintiff * * *." (G. Parsons Aff., Doc. No. 61, attached). He also averred that two January 5, 2010 check payments made by him in the amounts of $500 and $1,350 "are not recorded." (*Id.*). Finally, Mr. Parsons averred that the Bank received from his federal bankruptcy trustee check payments of $6,355.57 for principal and $894.12 for interest, but that the Bank did "not record[ ] these payments to my account[,] rather showing these amounts as additional sums owed by me." (*Id.*)

{¶20} Attached to the Bank's response to Mr. Parsons' Civ.R. 60(B) motion was an affidavit of Bank Vice President Robert Hoffman. (Hoffman Aff., Doc. No. 66, attached). Mr. Hoffman averred that the $500 check "was applied to an outstanding loan secured by a 2006 Saab automobile at the direction of Grant R. Parsons." (*Id.* at ¶ 3). A copy of the $500 check written by Mr. Parsons, attached to the Bank's response, bears "2006 Saab Payment" on the memorandum line. (Doc. No. 66). Mr. Hoffman also averred that the $1,350 check "was properly applied to the loan which is the subject of the within foreclosure action at the direction of Grant R. Parsons and is accounted for in the balance due on this said loan as reflected in the affidavit of" a former Bank vice president and chief credit officer attached to the Bank's motion for summary judgment. (Hoffman Aff. at ¶ 4, Doc. No. 66, attached); (Chartrand Aff., Doc. No. 20, attached). In response to Mr. Parsons' arguments concerning misapplication of proceeds from

the bankruptcy trustee, the Bank attached to its response a copy of Mr. Parsons' Chapter 13 Bankruptcy Plan, which the Bank said showed that no payments were made by the bankruptcy trustee on account of the foreclosed-upon mortgage. (Doc. No. 66). Additionally, at the hearing on Mr. Parsons' Civ.R. 60(B) motion, the Bank presented a certified copy of Mr. Parsons' bankruptcy trustee's final report and account, which showed that the bankruptcy trustee's payments to the Bank were for a loan other than the adjustable rate note secured by the foreclosed-upon mortgage. (Tr. at 16-17, D's Ex. 2).

{¶21} It was not an abuse of discretion for the trial court to conclude that Mr. Parsons' payment-misapplication allegations did not amount to a meritorious defense. We begin by noting what Mr. Parsons did *not* allege. He did not dispute that he and his wife defaulted on the adjustable rate note secured by the mortgage. Nor did he allege that the outstanding balance stated in the complaint and judgment entry and decree of foreclosure—$120,482.92 plus interest at 7.00% per annum from May 21, 2009—was incorrect. In Mr. Parsons' affidavit, he referred vaguely to "my account" and "this account," and he alleged broadly that payments were "not recorded." (G. Parsons Aff., Doc. No. 61, attached). He did not specify the account or accounts to which he was referring, nor did he attach any Bank statements, notices, or other documents. Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) movant demonstrate sufficiently

-12-

specific operative facts. *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. No. 2009 CA 9, 2009-Ohio-4577, ¶ 14, 21. *See also Bank of New York Mellon v. Stefanidis*, 10th Dist. No. 11AP-157, 2011-Ohio-6455, ¶ 9, 12. Finally, judging by his one-page Civ.R. 60(B) motion, it appears Mr. Parsons piggybacked his payment-misapplication defense on his mistaken belief that the Bank had released the foreclosed-upon mortgage, arguing that "[t]he copy of the released mortgage prove [sic] the [Bank's] charges are wrong." (Doc. No. 61).

**{¶22}** For these reasons, we hold that the trial court did not abuse its discretion when it concluded that Mr. Parsons failed to present a meritorious defense and denied his Civ.R. 60(B) motion. Based on this holding, and because the Civ.R. 60(B) test is conjunctive, we need not address the remaining elements of the test. *Bish Constr., Inc.*, 2013-Ohio-421, at ¶ 15.

**{¶23}** Mr. Parsons' first assignment of error is, therefore, overruled.

### Assignment of Error No. II

**The trial court erred in failing to allow the Defendants-Appellants Grant and Denise Parsons [sic] the right to conduct discovery regarding the allegations contained in the Rule 60(B) Motion for Relief from Judgment. (Judgment Entry, Filed July 28, 2011).**

**{¶24}** In his second assignment of error, Mr. Parsons argues that the trial court erred by not allowing him to conduct discovery in support of his Civ.R. 60(B) motion. In support of his argument, Mr. Parsons cites *Schultz v. Schultz*,

10th Dist. No. 97APF04-594 (Nov. 4, 1997), in which the Tenth District suggested in dicta that where a party alleges "operative facts warranting an evidentiary hearing," that party is "entitled to discovery sufficient to establish proof of its allegation," and the trial court's disallowance of discovery could amount to an abuse of discretion. *Id.* at *1. In response, the Bank cites cases from the Ninth and Eighth Districts standing for the proposition that a party to a Civ.R. 60(B) motion "is not entitled to the discovery of documents in order to support the motion for relief." *In re Guardianship of Matyaszek*, 9th Dist. No. 20943, 2002-Ohio-3743, ¶ 17, citing *Diversified Equities v. Finesilver*, 8th Dist. No. 58125 (Mar. 8, 1990) and *Fed. Deposit Ins. Corp. v. Orrico*, 8th Dist. No. 37060 (Mar. 16, 1978).

{¶25} We need not and do not decide in this case whether a party to a Civ.R. 60(B) motion is entitled to discovery. Even the *Schultz* case offered by Mr. Parsons states that "[t]he trial court can clearly prohibit discovery in cases where no operative facts are alleged." *Schultz* at *1. We held above that the trial court did not abuse its discretion in concluding that Mr. Parsons failed to present a meritorious defense—in other words, that he failed to allege operative facts with enough specificity to allow the trial court to decide that he had a defense he could have successfully argued at trial. Thus, under either line of cases, Mr. Parsons was

not entitled to conduct discovery in support of his Civ.R. 60(B) motion. *Id.*; *Matyaszek*, 2002-Ohio-3743, at ¶ 17-19. The trial court did not err.

{¶26} Mr. Parsons' second assignment of error is, therefore, overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**
**/jlr**