[Cite as *Kerr Bldgs., Inc. v. Bishop*, 2014-Ohio-5391.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HENRY COUNTY

KERR BUILDINGS, INC.,

    PLAINTIFF-APPELLEE,

    v.                        CASE NO. 7-14-07

SCOTT BISHOP,

    DEFENDANT-APPELLEE,

    v.

JEREMY KERR,                   O P I N I O N

    THIRD-PARTY DEFENDANT-
    APPELLANT.

---

**Appeal from Henry County Common Pleas Court**
**Trial Court No. 11CV0001**

**Judgment Affirmed**

**Date of Decision:   December 8, 2014**

---

APPEARANCES:

    *Jeremy Kerr,* **Appellant**

    *Alan J. Lehenbauer* **for Appellee, Scott Bishop**

Case No. 7-14-07

**PRESTON, J.**

{¶1} Third-party defendant-appellant, Jeremy Kerr ("Kerr"), pro se, appeals the April 17, 2014 judgment of the Henry County Court of Common Pleas denying his motion to set aside the appointment of a receiver. For the reasons that follow, we affirm.

{¶2} On January 3, 2011, Kerr, pro se, on behalf of Kerr Buildings, Inc.[1] ("Kerr Buildings"), filed a complaint against Scott Bishop ("Bishop") alleging a breach of the contract that the parties entered on November 15, 2010. (Doc. No. 1).[2] Bishop contracted with Kerr to construct a steel building with a concrete foundation. (*Id.*).

{¶3} On May 2, 2011, Bishop filed a "Motion to Join Additional Parties and for Leave to File Instanter an Answer, Counterclaims and Cross-Claims." (Doc. No. 16). On May 3, 2011, the trial court granted Bishop's motion and named Kerr Design-Build, Inc. a plaintiff to the action, named Kerr a defendant to the action, and ordered that Bishop's answer, counterclaims, and cross-claims be filed instanter after granting Bishop's request for leave. (May 3, 2011 JE, Doc. No. 17); (Doc. No. 18).

---

[1] On February 8, 2011, Kerr changed the name of Kerr Buildings, Inc. to Kerr Design-Build, Inc. (*See* Doc. No. 16).

[2] The record reflects that Kerr Buildings obtained legal counsel on April 1, 2011 and filed a motion for leave to file an amended complaint. (Doc. Nos. 8, 9). That same day, the trial court granted Kerr Buildings' motion and filed its amended complaint. (Apr. 1, 2011 JE, Doc. No. 10); (Doc. No. 11). On June 1, 2012, Kerr Buildings/Kerr Design-Build, Inc. and Kerr's counsel filed a motion for leave to withdraw from representation. (Doc. No. 38). The trial court granted the motion on July 9, 2012. (July 9, 2012 JE, Doc. No. 40).

{¶4} A trial to the court was held on September 27, 2012. (Oct. 16, 2012 JE, Doc. No. 52). The trial court dismissed with prejudice Kerr Buildings' complaint against Bishop and granted Bishop's counterclaim and cross-claim. (*Id.*). The trial court entered a judgment against Kerr Buildings and Kerr, individually and jointly and severally, for $36,648.00 with interest at a rate of three percent annually. (*Id.*). The trial court also entered a judgment against Kerr, individually, for $40,000.00 in punitive damages based on the trial court's finding that he engaged in fraudulent conduct. (*Id.*).

{¶5} On November 1, 2012, Bishop filed a motion requesting to be awarded $8,482.25 in attorney fees and a praecipe for a certificate of judgment against "Kerr, individually and/or d/b/a Kerr Buildings." (Doc. Nos. 54, 55). The certificate of judgment was filed on November 1, 2012 and the trial court issued an order and notice of garnishment on November 14, 2012. (Doc. No. 56); (Nov. 14, 2012 JE, Doc. Nos. 57, 59). On January 15, 2013, the trial court granted Bishop's motion and awarded him $8,482.25 in attorney fees. (Jan. 15, 2013 JE, Doc. No. 66).

{¶6} On March 20, 2013, Bishop filed a motion requesting a debtor's exam because Kerr and Kerr Buildings had not satisfied the judgment awarded to him. (Doc. No. 67). On April 12, 2012, the trial court granted Bishop's motion and ordered Kerr to appear on May 23, 2013. (Apr. 12, 2013 JE, Doc. No. 68).

{¶7} On May 29, 2013, Bishop filed a motion for a charging order against Kerr's interests in two limited-liability companies. (Doc. No. 72). On May 29, 2013, the trial court granted Bishop's motion and charged Kerr's limited-liability companies with payment of the judgment against Kerr and Kerr Buildings. (May 29, 2013 JE, Doc. No. 74).

{¶8} On June 19, 2013, Bishop filed a motion for the appointment of a receiver to initiate the sale of the property described in the trial court's May 29, 2013 judgment entry and requested a hearing on the matter to be scheduled for July 17, 2013. (Doc. Nos. 75, 76). On August 20, 2013, the trial court appointed a receiver after the hearing on July 17, 2013. (Aug. 20, 2013 JE, Doc. No. 78).[3]

{¶9} On March 10, 2014, Kerr, pro se, filed a motion to set aside the appointment of the receiver for lack of service. (Doc. No. 80). In his motion, Kerr specified that Bishop sent the May 29, 2013 motion for a charging order and the notice of the July 17, 2013 hearing by certified mail to "Jeremey Kerr, 13926 Defiance Pike Rudolph, Ohio 43462" and to "Atty Mark Tolles, 920 Main St Bowling Green, Ohio 43402." (*Id.*). However, Kerr alleges that he did not receive the motion or the notice of the hearing because Jeanett Payne ("Payne"), Kerr's mother, signed for the certified mail at her residence but failed to deliver it to Kerr or notify him of it prior to the July 17, 2013 hearing. (*Id.*). Kerr averred

---

[3] In its August 20, 2013 judgment entry, the trial court noted that Kerr was convicted of committing three felony counts of forgery and other offenses in Wood County, Ohio and sentenced to seven years and eight months imprisonment. (Aug. 20, 2013 JE, Doc. No. 78).

that, as a result, he was not able to attend the hearing because he did not have knowledge of it until he was served the trial court's August 20, 2013 judgment entry appointing the receiver. (*Id.*).

{¶10} On March 24, 2014, Bishop filed a motion to strike Kerr's March 10, 2014 motion for violating Civ.R. 11. (Doc. No. 82). In his motion, Bishop requested that the trial court award him expenses and reasonable attorney fees. (*Id.*). On that same day, Bishop also filed a motion in opposition to Kerr's March 10, 2014 motion. (Doc. No. 83).

{¶11} On April 9, 2014, Kerr, pro se, filed a response to Bishop's motion in opposition to Kerr's motion to set aside the appointment of the receiver and a motion in opposition to Bishop's motion to strike. (Doc. Nos. 84, 85).

{¶12} On April 17, 2014, the trial court overruled Kerr's motion to set aside the appointment of the receiver after holding a hearing on April 14, 2014, to which Kerr appeared by video from an Ohio prison. (Apr. 17, 2014 JE, Doc. No. 86). In its judgment entry, the trial court concluded that Bishop properly served notice on Kerr at his last known address, that Payne signed the certified mail for notice of the hearing, and that Bishop properly served notice on Kerr's "then attorney" at his last known office address. (*Id.*). Likewise, the trial court noted that Kerr provided an argument only in relation to his lack of service and did not

provide an argument relative to why the trial court should not have appointed the receiver. (*Id.*).

{¶13} Kerr filed his notice of appeal on May 12, 2014. He raises one assignment of error for our review.

### Assignment of Error

**The trial court erred by denying third party defendant's motion to set aside appointment of receiver for lack of service.**

{¶14} In his assignment of error, Kerr argues that the trial court erred by denying his motion to set aside the appointment of the receiver for lack of service. While it is unclear from the face of his motion, it appears that Kerr was attempting to argue that the trial court should vacate its entry appointing the receiver under Civ.R. 60(B), and it appears that the trial court considered Kerr's motion as a Civ.R. 60(B) motion.

Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other

misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶15}** In order to prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Bish Constr., Inc. v. Wickham*, 3d Dist. Seneca No. 13-12-16, 2013-Ohio-421, ¶ 15, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound

discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶16} Because it is unclear from the face of Kerr's motion, we are assuming that he is arguing that he is entitled to relief from the trial court's judgment appointing the receiver under Civ.R. 60(B)(5) since Civ.R. 60(B)(1) through (4) are inapplicable to this case. *See Estate of Heffner v. Cornwall*, 3d Dist. Mercer No. 10-03-06, 2003-Ohio-6318, ¶ 20.

{¶17} "Civ.R. 60(B)(5) permits relief from judgment for 'any other reason justifying relief from the judgment,' and is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." *Bish Constr., Inc.* at ¶ 16. "However, it is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B) and the grounds should be substantial." *Id.*, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64 (1983), paragraphs one and two of the syllabus. "Relief on this ground should be granted only in extraordinary situations, where the interests of justice require it." *Id.*, citing *Bank of New York v. Stilwell*, 5th Dist. Fairfield No. 12 CA 3, 2012-Ohio-4123, ¶ 34. "Furthermore, it is well settled that Civ.R. 60(B) 'is not

available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal.'" *Id.*, citing *Blasco v. Mislik*, 69 Ohio St.2d 684, 686 (1982). *See also Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus. "It is a fundamental legal principle that there should be finality in every case, and that once judgment is entered it should be disturbed only under the proper circumstances." *Bish Constr., Inc.* at ¶ 16, citing *Eubank v. Mardoian*, 9th Dist. Lorain No. 11CA009968, 2012-Ohio-1260, ¶ 12, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 100 (8th Dist.1974).

{¶18} The trial court did not abuse its discretion in overruling Kerr's motion. Although the trial court considered only whether Kerr had a meritorious defense or a claim to present if it granted him relief, it was not required to address the other parts of the *GTE* test. *See id.* at ¶ 15. Nonetheless, we conclude that the trial court did not abuse its discretion in overruling Kerr's motion because he failed to demonstrate that he is entitled to Civ.R. 60(B) relief under all three parts of the *GTE* test.

{¶19} First, Kerr's motion to set aside the appointment of the receiver was not made within a reasonable time. *GTE Automatic Elec., Inc.*, 47 Ohio St.2d 146, at paragraph two of the syllabus. A motion for relief from judgment shall be made within a reasonable time if made under Civ.R. 60(B)(5), which we presume is the

ground on which Kerr relied. *Kostoglou v. D&A Trucking and Excavating, Inc.*, 7th Dist. Mahoning No. 06-MA-77, 2007-Ohio-3399, ¶ 45, citing Civ.R. 60(B); *In re Henson*, 11th Dist. Trumbull No. 2009-T-0028, 2010-Ohio-704, ¶ 21.

{¶20} Kerr waited more than six months before he filed his motion to set aside the appointment of the receiver, but that does not necessarily mean that his delay was unreasonable. *Id.* at ¶ 46 (filing a Civ.R. 60(B) motion eight months or longer after the trial court entered its final judgment does not always mean the motion was not made within a reasonable time). However, Kerr admittedly received the August 20, 2013 judgment entry appointing the receiver "on or around August 30, 2013." (Doc. No. 80); (Apr. 14, 2014 Tr. at 4).

{¶21} Orders appointing receivers are final, appealable orders. *Natl. City Bank v. Semco, Inc.*, 3d Dist. Marion No. 9-09-10, 2009-Ohio-3319, ¶ 10, citing *United Bank v. Harman*, 3d Dist. Crawford No. 3-83-14, 1983 WL 4535, *2 (Dec. 6, 1983), citing *Forest City Invest. Co. v. Haas*, 110 Ohio St. 188, 193 (1924). Although Kerr received the trial court's judgment entry appointing the receiver well within the time period for him to directly appeal it, Kerr did not do so. *See* App.R. 4(A). Instead, Kerr sat on his rights until March 10, 2014—more than six months after receiving notice of the trial court's judgment—when he filed his motion to set aside the appointment of the receiver. (*See* Doc. No. 80).

{¶22} "The party filing a Civ.R. 60(B) motion has the burden to justify any delay in the filing of that motion." *Rettig v. Rettig*, 6th Dist. Wood No. WD-09-040, 2010-Ohio-2122, ¶ 19, citing *Gron v. Gron*, 7th Dist. Jefferson No. 07 JE 49, 2008-Ohio-5054, ¶ 32. *See also In re Henson* at ¶ 21 ("'A movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion.'"), quoting *In re Guardianship of Brunstetter*, 11th Dist. Trumbull No. 2002-T-0008, 2002-Ohio-6940, ¶ 14. Kerr provided no justification for the more-than-six-month delay in filing his motion. As a result, Kerr's motion to set aside the appointment of the receiver was not made within a reasonable time since a Civ.R. 60(B) motion is not a substitute for a timely appeal. *Blasco*, 69 Ohio St.2d at 686 (contentions raised in Civ.R. 60(B)(5) motion merely challenged the correctness of the trial court's decision on the merits and could have been raised on appeal); *Doe*, 28 Ohio St.3d 128, at paragraph two of the syllabus ("A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal."); *compare Kostoglou*, 2007-Ohio-3399, at ¶ 47-48 (eight-month delay in filing a Civ.R. 60(B) is reasonable when a party does not receive notice of the judgment until several months after its entry and the party files its motion shortly after receiving notice of the entry).

{¶23} Because Kerr's motion was not made within a reasonable time, we need not address the remaining elements of the *GTE* test. *Community Natl. Bank*

-11-

*v. Parsons*, 3d Dist. Logan No. 8-11-15, 2013-Ohio-2383, ¶ 15.  However, in the interests of justice, we elect to address the remaining elements.

{¶24} Kerr also failed to demonstrate that the facts and circumstances of this case present this court with an extraordinary and unusual situation to warrant the application of Civ.R. 60(B)(5).  *See Ogline v. Sam's Drug Mart, L.L.C.*, 5th Dist. Stark No. 2013 CA 00154, 2014-Ohio-2355, ¶ 41.  More specifically, Kerr failed to show that he was not properly served with notice of the hearing at which the receiver was appointed.

{¶25} R.C. 2735.01 governs the appointment of receivers, and provides, in relevant part:

> A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:
>
> * * *
>
> (C)   After judgment, to carry the judgment into effect;
>
> * * *

R.C. 2735.01.  Generally, the appointment of a receiver cannot be made without notice.  *See JPMCC 2004-CIBC10 7th St. Office, L.L.C., v. URS Tower, L.L.C.*, 1st

Dist. Hamilton No. C-120294, 2013-Ohio-796, ¶ 15, citing *Ry. Co. v. Jewett*, 37 Ohio St. 649 (1882), paragraph two of the syllabus.

**{¶26}** Under Civ.R. 5(B), service of pleadings subsequent to the original complaint may be made by serving the pleading on an attorney if the party is represented by an attorney or by mailing it to the person's last known address. *See* Civ.R. 5(B). *See also McCombs v. Blackert*, 3d Dist. Crawford No. 3-11-03, 2011-Ohio-5079, ¶ 16. "Civ.R. 5(B) expressly provides that service by mail is deemed completed once the clerk has mailed the document." *McCombs* at ¶ 16, citing *Warren-Niles Republic Credit Union v. Semer*, 11th Dist. Trumbull No. 3782, 1987 WL 26705, *2 (Dec. 4, 1987). "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *W2 Properties, L.L.C. v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, ¶ 15 (1st Dist.), citing *Caldwell v. Alston*, 1st Dist. Hamilton No. C-950688, 1996 WL 557801, *2 (Oct. 2, 1996), citing *In re Estate of Popp*, 94 Ohio App.3d 640, 640 (8th Dist.1994).

**{¶27}** "'[A] party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of gleaning the record to insure a party's mailing address has not changed.'" *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶ 6, quoting *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 11 (4th Dist.). "'Given that informing the trial

court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court.'" *Id.* quoting *Nalbach v. Cacioppo*, 11th Dist. Trumbull No. 2001-T-0062, 2002 WL 32704, *6 (Jan. 11, 2002).

{¶28} Bishop not only sent the notice to Kerr's last known address, he sent the notice to Kerr's attorney.[4] Service was complete once the notice was mailed, and Kerr failed to provide sufficient evidence that he was not properly served. *McCombs* at ¶ 16; Civ.R. 5(B)(2)(c). *See also W2 Properties, L.L.C.* at ¶ 15. Indeed, the record reflects that Kerr's mother signed and accepted the notice. Therefore, the service of the notice in this case complied with Civ.R. 5. However, Kerr avers that he was incarcerated at the time the notice was sent, and he was not properly notified of the hearing because it was not sent to him in prison. Kerr's argument is erroneous since he failed to formally notify the trial court of his change of address. *See Halder* at ¶ 6. Therefore, because the service of notice in this case was proper, Kerr is not entitled to relief under Civ.R. 60(B)(5).

{¶29} Lastly, Kerr failed to demonstrate that he has a meritorious defense or claim to present if relief is granted. *GTE Automatic Elec., Inc.*, 47 Ohio St.2d 146, at paragraph two of the syllabus. "To demonstrate a meritorious defense under Civ.R. 60(B), the moving party 'must allege supporting operative facts with

---

[4] The record does not reflect that Attorney Tolles filed an entry of appearance in this case.

enough specificity to allow the trial court to decide that the movant has a defense he could have successfully argued at trial.'" *Community Natl. Bank*, 2013-Ohio-2383, at ¶ 13, citing *Wells Fargo Bank, N.A. v. Dombroski*, 10th Dist. Franklin No. 12AP-331, 2012-Ohio-5858, ¶ 7. "Ultimately, a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." *Id.*, quoting *Citizens Bank Co. v. Keffer*, 4th Dist. Washington No. 12CA17, 2013-Ohio-245, ¶ 13.

{¶30} For the reasons stated above, Kerr did not proffer a meritorious defense based on a lack of service of the notice of the July 17, 2013 hearing. In addition, Kerr did not provide an argument relative to why a receiver should not be appointed, and we decline to make one for him. *State v. Fisher*, 3d Dist. Hardin No. 6-13-03, 2014-Ohio-436, ¶ 7, citing App.R. 12(A)(2) and App.R. 16(A)(7). Accordingly, Kerr failed to demonstrate that he has a meritorious defense or claim to present if relief is granted. Thus, the trial court did not abuse its discretion in overruling Kerr's motion.

{¶31} Therefore, Kerr's assignment of error is overruled.

{¶32} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**