**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Collier,* Slip Opinion No. 2020-Ohio-457.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-457

THE STATE EX REL. KERR, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Kerr v. Collier,* Slip Opinion No. 2020-Ohio-457.]**

*Prohibition—Court of common pleas had subject-matter jurisdiction to enter charging order and appoint receiver—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2019-0888—Submitted November 13, 2019—Decided February 13, 2020.)

APPEAL from the Court of Appeals for Henry County, No. 7-19-05.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Jeremy Kerr, for a writ of prohibition to vacate charging orders and receivership orders concerning Kerr's membership interests in two limited-liability companies.  The Third District Court of Appeals dismissed Kerr's complaint, concluding that appellee, Henry County Court of Common Pleas Judge John Collier, did not patently and unambiguously lack jurisdiction to issue the orders.  After Judge Collier did not file a merit brief in

this appeal, Kerr filed two motions asking this court to reverse the court of appeals' judgment under S.Ct.Prac.R. 16.07(B). We affirm the court of appeals' judgment and deny Kerr's motions as moot.

**Background**

{¶ 2} In 2011, Kerr Buildings, Inc., of which Kerr was the president, sued Scott Bishop regarding a contract dispute in the Henry County Court of Common Pleas, with Judge Collier presiding. Bishop asserted a counterclaim against Kerr Buildings and a third-party complaint against Kerr individually, and the lawsuits resulted in a monetary judgment of almost $80,000 against Kerr Buildings and Kerr. In May 2013, at Bishop's request, Judge Collier entered a charging order concerning Kerr's membership interests in two limited-liability companies. *See* R.C. 1705.19. The charging order required that any payments to which Kerr would be entitled from the limited-liability companies be paid to Bishop. In January 2018, Judge Collier entered a nunc pro tunc charging order. In August 2013, also at Bishop's request, Judge Collier appointed a receiver over Kerr and Kerr Buildings. In March 2014, Kerr filed a motion asking Judge Collier to set aside the receivership order, arguing that the order violated Kerr's due-process rights because he was not properly served with Bishop's motion asking for the order. Judge Collier denied the motion, and the Third District affirmed. *See Kerr Bldgs., Inc. v. Bishop*, 3d Dist. Henry No. 7-14-07, 2014-Ohio-5391.

{¶ 3} In April 2018, Judge Collier entered an order titled "Amended Orders to Receiver." Kerr alleges that he filed multiple motions asking Judge Collier to vacate the amended receivership order and that he appealed Judge Collier's decisions denying those motions. He alleges that the court of appeals dismissed his appeals sua sponte as improper requests for reconsideration. In April 2019, Kerr filed in the Third District a complaint for a writ of prohibition against Judge Collier seeking to invalidate the charging order, the nunc pro tunc charging order, the receivership order, and the amended receivership order. In general terms, Kerr's complaint

alleges that the orders were entered in violation of his due-process rights, that some of the powers granted to the receiver are unauthorized by law, and that the charging orders exceed Judge Collier's authority under R.C. 1705.19.

{¶ 4} Judge Collier moved to dismiss Kerr's complaint under Civ.R. 12(B)(6). The court of appeals granted the motion, holding that Judge Collier did not patently and unambiguously lack jurisdiction to enter a charging order or to appoint a receiver.

{¶ 5} Kerr appealed to this court as of right.

**Analysis**

{¶ 6} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. Dismissal of a prohibition complaint under Civ.R. 12(B)(6) is appropriate "if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested extraordinary writ of prohibition." *State ex rel. Hemsley v. Burnham Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

{¶ 7} To be entitled to a writ of prohibition, a relator generally must show that a court is about to exercise judicial power without authority and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. But Kerr argues that he need not show that he lacks an adequate remedy at law because Judge Collier patently and unambiguously lacked jurisdiction to enter the orders. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15. Therefore, based on the allegations in the complaint, Kerr's prohibition claim can succeed only if he establishes that Judge Collier patently and unambiguously lacked jurisdiction.

**{¶ 8}** Kerr challenges the propriety of the charging orders and the receivership orders, but even if certain aspects of the orders are improper, he has not shown that Judge Collier patently and unambiguously lacked jurisdiction to enter them. R.C. 1705.19(A) authorizes a common pleas court to enter a charging order against a judgment debtor's membership interest in a limited-liability company. And R.C. 2735.01(A)(4) authorizes a common pleas court to appoint a receiver "after judgment, to carry the judgment into effect." "Typically, a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24.

**{¶ 9}** Because Judge Collier had subject-matter jurisdiction to enter a charging order and to appoint a receiver, Kerr has not shown that the judge patently and unambiguously lacked jurisdiction. The court of appeals, therefore, correctly dismissed Kerr's complaint.

**{¶ 10}** As a final matter, Kerr filed two motions asking us to reverse the court of appeals' judgment because Judge Collier did not file a merit brief in this case. S.Ct.Prac.R. 16.07(B) provides that if the appellee fails to timely file a merit brief, we "may accept the appellant's statement of facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain reversal." Because Kerr has not shown that we should reverse the court of appeals' judgment, we deny his motions as moot.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Jeremy Kerr, pro se.

_____